```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHNNY CALDWELL,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       14-CV-5551(JS)(ARL)

THE DEPARTMENT OF CORRECTIONS FOR
THE CITY OF NEW YORK, and
WARDEN JAMES PERINO,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Johnny Caldwell, pro se
                   514 E. Sultana Drive
                   Fitzgerald, GA 31750

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On September 10, 2014, then-incarcerated pro se plaintiff Johnny Caldwell ("Plaintiff") filed an in forma pauperis Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Department of Corrections for the City of New York ("DOC") and James Perino, Warden ("Warden Perino" and together, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii), 1915A(b) for failure to state a claim for relief.

BACKGROUND[1]

Plaintiff's sparse handwritten Complaint, submitted on a Section 1983 complaint form, alleges, in its entirety:

> The plaintiff was housed at E.M.T.C. C-76 which houses convicted inmates for City Sentenced Inmates only! The plaintiff at that time was still a detainee and not a convicted inmate and was never sentenced, and his privilages were taken and not furnished to enjoy everyday Prison life which violated his civil Constitutional Rights to be free from cruel and unusual punishment and also due process of the law. Violations of the 8th Amendment as well as the 14th Amendment which is guaranteed to the plaintiff under the Constitution.[2]

(Compl. at 3.) Based on the foregoing, Plaintiff alleges three causes of action. The First Cause of Action, in its entirety, alleges that:

> The plaintiff seeks and demands compensatory damage relief from the defendants, the City of New York who's employee's the Dept of Correction for the City of New York for violating the plaintiff's Constitutional Rights in a serious matter while purporting to act under Color of State Law while causing the plaintiff duress, hardship and the right to everyday prison life and to enjoy certain

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[2] Plaintiff's allegations have been reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> privileges as a pretrial detainee; In violation of the plaintiff's 8th Amendment to the Constitution. The plaintiff demands Two Hundred Thousand Dollars.

(Compl. at 4.) The Second Cause of Action, in its entirety, alleges that:

> The plaintiff demands monetary damages relief from the defendants James Perino Warden of E.M.T.C. (C-76) for mental and emotional distress for being labeled as a sentenced inmate and not enjoying the freedom of everyday prison life and "cruel and unusual punishment" Inflicted under the 8th Amendment of the U.S. Constitution. The plaintiff demands Two Hundred Thousand Dollars.

(Compl. at 5.) Plaintiff's Third Cause of Action alleges that:

> The plaintiff seeks punitive damage relief from the defendants for the violations of the U.S. Constitution under the 14th Amendment to enjoy Due Process of Law and the Equal Protection and forced to work and wear a uniform when only sentenced and convicted inmates are forced to wear at E.M.T.C. (C-76) As well As strip search before and after messhall work assignments. Strip Searches that apparently became attached to assignments after hire but subjected to misbehavior Report/loss of privillage, ect. Furthermore, the (C-76) housing is for only sentenced inmates and parole violators (<u>NOT PRE-TRIAL DETAINEES</u>).
> The plaintiff was also subjected to work In pestlant conditions, In the C-76 Building Holding Cells that the plaintiff was placed In upon Court returns smelled like urine and defication that would be smeared on the toilet bowl or walls.
> The plaintiff seeks damage relief for the 6 months 4/23/2013 to 10/24/2013 in the amount of Two Hundred Thousand Dollars.
> In total, SIX HUNDRED THOUSAND DOLLARS and all other relief the Court deems just, proper and equitable.

(Compl. at 6-7.)

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

4

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53

5

(2d Cir. 1999)).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). ("[Plaintiff's] claims against [Defendant] failed as a matter of law because [Plaintiff] failed to allege sufficient personal involvement on [Defendant's] part to make him liable under § 1983.") See, e.g., Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998). With these standards in mind, the Court considers Plaintiff's claims against the Defendants.

A.  Claim Against Warden Perino

As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation.  See supra at 5-6; Rivera, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)) aff'd, 368 F. App'x 161 (2d Cir. 2010)).  A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983.  Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate personal involvement by Warden Perino regarding the events alleged in the Complaint and it appears that Plaintiff seeks to impose liability against Warden Perino based solely on the supervisory position he holds.  Indeed, apart from the caption, the only other mention of Warden Perino in the Complaint concerns Plaintiff's demand for monetary damages against Warden Perino for Plaintiff's alleged "mental and emotional distress for being labeled as a sentenced inmate . . . ."  (Compl. at 5.)  Wholly absent, however, are any allegations sufficient to establish any personal involvement by Warden Perino in the unlawful

7

conduct of which Plaintiff complains. Accordingly, Plaintiff's claim against Warden Perino is not plausible and is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B. <u>Claims Against the DOC</u>

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. CITY CHARTER § 396 (2009). That provision "has been construed to mean that New York City "departments [such as the DOC], as distinct from the City itself, lack the capacity to be sued." <u>Ximines v. George Wingate High Sch.</u>, 516 F.3d 156, 160 (2d Cir. 2008) (<u>per</u> <u>curiam</u>); <u>Adams v. Galletta</u>, 966 F. Supp. 210, 212 (E.D.N.Y. 1997) (NYC DOC not a suable entity).

Accordingly, because the DOC cannot be sued independently, Plaintiff's claim against it is not plausible and are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b).

C. <u>Plaintiff Fails to State a Plausible Section 1983 Claim</u>

Even if Plaintiff had named a proper Defendant, the Complaint fails to allege a plausible Section 1983 claim. Construing Plaintiff's Complaint liberally to raise the strongest arguments it suggests, it appears that Plaintiff seeks to assert claims of deliberate indifference to his safety and a deprivation

of procedural due process. For the reasons that follow, these claims are not plausible and are thus DISMISSED.

1. <u>Deliberate Indifference Claim</u>

The Eighth Amendment protects convicted prisoners from cruel and unusual punishment. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). The Eighth Amendment imposes duties on prison officials, who must provide "humane conditions of confinement," including taking "reasonable measures to guarantee the safety of the inmates." <u>Id.</u> at 832 (internal quotation marks omitted). A prisoner establishes a violation of the Eighth Amendment only if he satisfies two requirements. First, the plaintiff must establish that his injury has been objectively "sufficiently serious" to have denied him "the minimal civilized measure of life's necessities." <u>Id.</u> at 834 (internal quotation marks omitted). Second, the prison official must have had a "sufficiently culpable state of mind," that is, "deliberate indifference to inmate health or safety." <u>Id.</u> (internal quotation marks omitted).

Here, Plaintiff fails to plausibly allege that he suffered an injury or was exposed to a substantial risk of harm that, objectively, was sufficiently serious. Rather, Plaintiff alleges in a conclusory manner that his housing assignment deprived him only of his claimed right "to enjoy everyday prison life." (Compl. at 3-4.) And, the only harm that Plaintiff claims to have

9

actually suffered was "mental and emotional distress for being labeled as a sentenced inmate." (Compl. at 5.) Plaintiff has not alleged that he suffered any physical harm or received any specific threat as a result of his placement in E.M.T.C. C-76. Thus, Plaintiff has failed to sufficiently allege objectively serious harm--or substantial risk of serious harm--as is required to state a plausible deliberate indifference claim. Moreover, wholly absent from the Complaint are any allegations suggesting that a prison official had a "sufficiently culpable state of mind" as is required to state a plausible deliberate indifference claim. Accordingly, Plaintiff's deliberate indifference claims, whether construed under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment, are DISMISSED WITHOUT PREJUDICE.[3]

2. Due Process Claim

Plaintiff also fails to state a plausible claim for deprivation of procedural due process under the Fourteenth Amendment. Plaintiff appears to assert that his assignment to the

---

[3] Though Plaintiff suggests that he is now a convicted inmate, he alleges that he was a pre-trial detainee at the time of the events alleged in the Complaint. (Compl. at 3.) Plaintiff brings his claims under both the Eighth and Fourteenth Amendments. Plaintiff's claim of deliberate indifference would be analyzed under the Eighth Amendment if Plaintiff were a convicted prisoner and under the Due Process Clause of the Fourteenth Amendment if he were a pre-trial detainee. Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). However, such distinction is of no moment because deliberate indifference claims are "analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." Id.

E.M.T.C. C-76 housing unit, which he alleges "houses convicted inmates", violated his procedural due process rights because he was a pre-trial detainee at that time. To succeed on a procedural due process claim, a plaintiff must establish "(1) that he possessed a liberty interest and (2) that the defendants deprived him of that interest as a result of insufficient process." Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004).

"Liberty interests protected by the Fourteenth Amendment may arise from two sources--the Due Process Clause itself and the laws of the States." Hewitt v. Helms, 459 U.S. 460, 466, 103 S. Ct. 864, 868-69, 74 L. Ed. 2d 675 (1983), overruled in part by, Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). It is well-established that a prisoner's administrative classification does not give rise to a protected liberty interest under the Due Process Clause. Id. at 468; Lowrance v. Achtyl, 20 F.3d 529, 535 (2d Cir. 1994); see also Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir. 1980) (prison officials have "full discretion" over prisoner classification and housing placements, and prisoners have "no legitimate statutory or constitutional entitlement sufficient to invoke due process" in connection with such determinations); see also Covino v. Vermont Dep't of Corr., 933 F.2d 128, 129 (2d Cir. 1991) ("'[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons' is not a right protected by the due process clause itself.") (quoting

11

Hewitt, 459 U.S. at 468, 103 S. Ct. at 869)). Thus, the Due Process Clause does not directly provide Plaintiff with a liberty interest in a particular housing assignment.

Plaintiff's due process claim fares no better when analyzed as a state-created liberty interest actionable under the Fourteenth Amendment. States may confer liberty interests on prisoners through statues or regulations. See Arce v. Walker, 139 F.3d 329, 334 (2d Cir. 1998). Plaintiff has not cited any state statute, regulation, or rule that arguably creates a liberty interest in a particular housing assignment and the Court is not aware of any. Indeed, other courts have held that inmates do not have a state-created liberty interest enforceable under the Fourteenth Amendment to a particular housing assignment. See, e.g. Cooper v. City of New York, 13-CV-7590, 2014 WL 5315074 at *4 (S.D.N.Y. Oct. 17, 2014) (citing Adams v. Galletta, 96-CV-3750, 1999 WL 959368 at *5 (S.D.N.Y. Oct. 19, 1999) ("'The laws and regulations applicable to the classification of prisoners in the custody of the New York City DOC provide substantial discretion to the DOC and do not create a liberty interest.'"); Korkala v. N.Y.C. Dep't of Corr., 84-CV-5740, 1986 WL 9798 at *3–6 (S.D.N.Y. Sept. 4, 1986) ("dismissing due process claim of a prisoner wrongly classified as a maximum security inmate because of the lack of a protectable liberty interest")). Thus, Plaintiff's housing placement does not invoke a state-created liberty interest

enforceable under the Fourteenth Amendment.

Accordingly, given there is no liberty interest in particular prison housing assignments whether analyzed under the Fourteenth Amendment's due process clause or under New York law, Plaintiff's due process claims are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se Complaint should not be dismissed without leave to amend unless amendment would be futile, Ashmore v. Prus, 510 F. App'x 47, 49 (2d Cir. 2013) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court finds that since the deficiencies noted above are substantive in nature and would not be remedied if Plaintiff were afforded an opportunity to amend his Complaint, leave to amend the Complaint is DENIED.[4]

---

[4] Indeed, given that Plaintiff has alleged that he has only suffered "mental and emotional distress" (Compl. at 5), his claims also fail because the PLRA requires that a claim under Section 1983 include allegations of physical harm. 42 U.S.C. § 1997e(e). See also, Cox v. Malone, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002) ("Courts have consistently held that Section 1997e(e) bars prisoner civil rights suits seeking damages for constitutional violations where the inmate-plaintiff suffers only emotional and mental injury."), aff'd 56 F. App'x 43 (2d Cir. 2003).

13

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the <u>pro se</u> Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: January  30 , 2015  
      Central Islip, New York